## The People of the State of Illinois, Defendant in Error, v. Frank Wolf, Plaintiff in Error.

### Gen. No. 21,819.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEW-COMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed May 12, 1916.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Frank Wolf, defendant, for the offense of being a vagabond. To reverse a judgment adjudging him guilty and sentencing him to three months in the House of Correction, and that the People recover the costs, the defendant prosecutes a writ of error.

The information charged that the defendant, "heretofore, to wit, on the 3rd day of May, A. D. 1914, at the City of Chicago, aforesaid, is known to be a thief, burglar or pickpocket, having no lawful means of support, and was habitually found prowling around steamboat landings, railroad depots, banking institutions,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

places of amusement, auction rooms, stores, shops or crowded thoroughfares, cars or omnibuses, or at any public gatherings or assemblies, or lounging about court rooms, private dwelling houses or outhouses, or found in houses of ill-fame, gambling houses or tippling shops," etc.

Erbstein & Macaulay, for plaintiff in error.

Maclay Hoyne, for defendant in error; Edward E. Wilson, of counsel.

Mr. Justice Goodwin delivered the opinion of the court.

## Abstract of the Decision.

1. VAGRANCY—*when information sufficient.* Conviction of offense of being a vagabond, sustained though information in charging that defendant was known to be a thief, burglar or pickpocket, did not state whether such knowledge came "by his own confession or otherwise," according to the wording of the statute, as the means by which the fact is known is a mere matter of evidence and not a substantial part of the crime.

2. VAGRANCY—*when information sufficiently alleges time of commission of offense.* An information charging that the defendant, "heretofore, to wit, on the 3rd day of May, A. D. 1914, at the City of Chicago, aforesaid, * * * was habitually found prowling around steamboat landings," etc., sufficiently alleges the time of commission of the offense.

3. VAGRANCY—*when information sufficiently alleges that defendant known to be a thief at time found prowling.* An information charging that the defendant "heretofore, to wit, on the 3rd day of May, * * * is known to be a thief, * * * and was habitually found prowling around steamboat landings," etc., while ungrammatical sufficiently charges that defendant was known to be a thief, etc., at the time he was found prowling, etc.

4. VAGRANCY—*when information not vague or defective.* A charge in an information, charging the defendant with being a vagabond, that he was known to be a "thief, burglar or pickpocket," is not vague or uncertain, as the word "thief" includes burglars, pick-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Wolf, 199 Ill. App. 445.

pockets, or any one guilty of the crime of stealing, nor does the use of the redundant expression of the statute render the charge defective.

5.  VAGRANCY—*when information contains all essential elements of offense.* An information charging the defendant with the offense of being a vagabond and that he was "habitually found prowling around steamboat landings, railroad depots, banking institutions, places of amusement," etc., is not defective in substance as every element necessary to constitute the offense is charged.

6.  CRIMINAL LAW, § 502*—*when sufficiency of information presumed because of failure to call for bill of particulars.* Where one charged in an information with the offense of being a vagabond, and with being found habitually prowling around places designated in the statute, considers that the language used does not sufficiently apprise him of the places in which he was found prowling around, he has a right to ask for a bill of particulars, and on his failure to do so, the information must be presumed on error to have been sufficiently definite to enable him to present his defense.

7.  INDICTMENT AND INFORMATION—*when defects in information waived.* Failure of an information, charging the defendant with the offense of being a vagabond, to definitely charge the particular places he was charged with having been habitually found prowling around does not go to the merits of the case on the question of guilt or innocence and is waived by failure to move to quash the information.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.